Supreme Court—State v. Beam.

---

THE STATE v. WILLIAM B. BEAM, DEFENDANT.

Submitted October 16, 1925—Decided March 2, 1926.

Crimes—Embracery of Grand Juror—Application for Writ of Certiorari to Bring Indictment Into Supreme Court—Indictments Will Only be Brought Into This Court by Certiorari, for the Purpose of Moving to Quash, When it is Clear That No Judgment Can be Entered Thereon—Defendant's Contention That There is No Such Offense as Embracery of a Grand Juror Not Sound—Embracery was a Crime at Common Law—Our Statute is Declaratory of the Common Law and Merely Amplifies It.

On application for three writs of *certiorari*.

Before Justices Trenchard, Katzenbach and Lloyd.

For the defendant, *Alexander Simpson*.

For the state, *J. Willard De Yoe*.

Per Curiam.

Application is made for three writs of *certiorari*. Each writ is asked for to review an indictment charging the embracery of a grand juror. Each of the three indictments is against the same defendant. Application was made to the trial court in the first instance to quash the indictment. This motion was denied. Applications were then made to Mr. Justice Black for writs of *certiorari* to remove the indictments into this court. These applications were denied. The present application is the same as that made to Mr. Justice Black.

The rule is that an indictment will not be brought into this court by *certiorari* for the purpose of making a motion to quash the same unless it is clear that no judgment can be entered upon the indictment. While it is contended by counsel for the defendant that embracery is confined to petit jurors, and that there is no such crime as the embracery of

a grand juror, we differ from this contention. In our opinion the indictments are good. Embracery was a crime at common law. Our statute is declaratory of the common law and merely amplifies it. It reads as follows: "Section 16. Embracery and all attempts to corrupt or influence a jury or any juror, or in any way to incline such jury or juror to be more favorable to one side than to the other by promises, persuasions, entreaties, threats, letters, money, entertainment or other sinister means; all indirect, unfair and fraudulent practices, arts and contrivances to obtain a verdict, and all attempts to instruct a jury or juror beforehand at any place or time or in any manner or way except only in open court at the trial of the cause by the strength of the evidence, the arguments of the parties or their counsel, or in the opinion or charge of the court, shall be a misdemeanor under this act."

The three indictments are substantially the same. They state that upon the complaint of William B. Beam the grand jury was investigating criminal charges against the Paterson National Bank and others with reference to fraudulently withholding and converting the sum of $731.86 from the trustees of the estate of Carrie S. Beam, of whom William B. Beam was one, and that the said William B. Beam willfully and unlawfully, and intending to hinder a true and lawful decision upon such complaint, did unlawfully and wickedly solicit a grand juror and deliver to said grand juror a letter relating to the said complaint, and did then and there unlawfully and corruptly by means of said letter move to solicit and persuade the grand jury to find a true bill and to incline more favorably to the defendant, William B. Beam, and against the bank and the others named in the indictment.

We are of the opinion that this makes out a charge within section 16 above quoted, which makes a misdemeanor "all attempts to corrupt or influence a jury or any juror, or in any way to incline such jury or juror to be more favorable to one side than the other by * * * persuasions * * * letters or other sinister means." The language quoted appears to

us not to limit embracery to petit jurors only. New York and Pennsylvania, under practically similar statutes, have held that there may be an embracery of a grand juror. We have, therefore, reached the conclusion that the three applications for writs of *certiorari* should be denied. We think the full rights of the defendant upon the question which he seeks to raise can be fully protected at the trial. The application for the writs of *certiorari* are accordingly denied.